IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MANETIRONY CLERVRAIN,

          Plaintiff,

v.                                        CIVIL ACTION NO. 2:22-cv-00163

ALYSA D. ERICH, et al.,

          Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for "total pretrial management and submission of proposed findings of fact and recommendations for disposition" pursuant to 28 U.S.C. § 636(b)(1)(B) and the Court's Standing Order (ECF No. 6). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** this civil action for failure to prosecute, and a prefiling injunction be imposed upon Plaintiff as a vexatious litigator.

**I.    BACKGROUND**

Plaintiff Manetirony Clervrain ("Plaintiff"), who is proceeding *pro se*, initiated this civil action on April 4, 2022. (ECF No. 1.) The Complaint is largely inscrutable, but Plaintiff, describing himself as an "Activist," appears to seek relief pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) based upon the named Defendants' alleged "aiding and abetting genocide,

and for conspiracy to violate[] access to the courts and federal official[s] while in . . . custody[.]" *Id.* at 4 ¶ B, 6 ¶ C.[1] The Complaint does not set forth any allegations regarding actions taken by any of the named defendants; nor does the Complaint set forth any allegations of fact to identify, describe, or otherwise furnish basic details regarding the purported "genocide" or "conspiracy" that are alleged to have occurred.

Moreover, the Plaintiff did not pay the applicable fees upon commencing this civil action with the Court; nor did he seek an exemption by applying to proceed *in forma pauperis*. Accordingly, the undersigned entered an Order on May 6, 2022, directing Plaintiff "to either pay the filing fee of $350.00 and administrative fee of $52.00 . . . or submit to the Court a completed and signed Application to Proceed Without Prepayment of Fees and Costs[.]" (ECF No. 7.) Additionally, the Order stated as follows:

> **PLAINTIFF IS FURTHER NOTIFIED** that failure to either pay the fees or submit the application within the 30-day deadline set forth herein shall constitute an abandonment of his claims and result in a recommendation to the presiding District Judge that the complaint be dismissed.

*Id.* at 1. The deadline for Plaintiff to comply was June 6, 2022; however, Plaintiff neither complied with the Court's directive, nor otherwise responded to the Order. To date, Plaintiff has not requested an extension of time, has not requested relief from the Court's

---

[1] A representative example of the nonsensicality of Plaintiff's allegations is this excerpt from Section IV of Plaintiff's "Pro Se 15" form Complaint regarding the injuries he allegedly sustained:

> [W]e asking the courts if they must extradicted the Haitian polititian for commited serious crimes against the people, then he asking for invading ["Haiti"], because the defenddants are very negligence, or pending for applying Democrcy Rights……..that the people are suffered for years by crimes of Apartheid, Humanity and among the other to be proving by circumstatial evidence must 'form a complete chain which, in light of the evidence as a whole, leads so directly to the guilt of the accused as to inckude matters for beyond a reasonable doubt, therefore, these courts must allowing the Brandako, Management team to prove their ["Prolificing Status"] against ["Alien Status"] which the proximate cause of the pauperis Status.

(ECF No. 1 at 6-7 (spelling mistakes, brackets, and quotation marks in original).)

Order, has not contacted the Court, and indeed has not made any filing on the record in this case after the date the Complaint was filed on April 4, 2022.

Plaintiff's activity in other federal courts across the country is relevant to his litigation conduct in this case. The undersigned's October 6, 2022 review of records in the U.S. Courts on the PACER Case Locator index returned 314 results, indicating Mr. Clervrain's appearance in more than three hundred actions before the federal courts. Over the last four months—from the date he initiated the instant action in this Court on April 4, 2022, through the present—he has filed nearly 50 civil actions in jurisdictions ranging from the U.S. District Court for the District of New Mexico, to the U.S. District Court for the District of Vermont. A number of these filings are lawsuits initiated by Plaintiff against various government officials, all asserting the same or similar nonsensical allegations.

As the U.S. District Court for the Eastern District of Tennessee noted, Plaintiff "has an extensive history of filing frivolous lawsuits in numerous other districts." *In re: Manetirony Clervrain*, 1:22-mc-018, ECF No. 1 (E.D. Tenn. June 23, 2022). Indeed, multiple other U.S. District Courts have found that Plaintiff "has a history" of repeatedly bringing the same frivolous complaint multiple times despite the uniform dismissal of duplicate allegations that are "equally as frivolous and incoherent" and "lack[] an arguable basis either in law or in fact." *See Clervrain v. Rodriguez*, 2:22-cv-00110, ECF No. 15 at 2 (D. Wyo. May 18, 2022) (warning Mr. Clervrain that continuing to make frivolous filings will cause him to "be enjoined from filing any documents in the District of Wyoming absent this Court's pre-authorization"). As the U.S. District Court for the District of South Dakota found, as of April 22, 2022, "Plaintiff has had 320 federal cases pending in the United States Courts." *Clervrain v. Boyer*, 5:22-cv-05037, ECF No. 8 (D.S.D. May 12, 2022). The South Dakota District Court went on to find as follows:

3

> Three of those cases were 2011 criminal cases from the Southern District of Florida. Sixteen of those cases were petitions for a writ of habeas corpus. The remaining 301 cases are all civil cases. All but two cases were filed in the last five years. Over 140 cases have been filed by plaintiff in the last year. Plaintiff has filed cases in the federal district courts of all fifty states, as well as the federal district courts for Guam, the District of Columbia, and the Court of Claims. He has filed appeals in all thirteen federal circuit courts of appeals. He attempted to transfer eighteen of his civil cases to the Judicial Panel for Multidistrict Litigation.

*Id.* at 2. Further, as the U.S. Court of Appeals for the Sixth Circuit observed, "[a]ll of the complaints appear to include nothing more than unintelligible statements and allegations that are difficult to follow, frivolous, or otherwise clearly devoid of merit." *Clervrain v. Bevin*, 19-cv-5232, ECF No. 13-2 at 2 (6th Cir. July 18, 2019).

Such was the case in the actions Plaintiff filed before the Eastern District of Tennessee; on June 23, 2022, that Court entered an Injunction Order enjoining Plaintiff from filing any new lawsuits or other documents in that court without first seeking permission to file. *In re: Manetirony Clervrain*, 1:22-mc-018, ECF No. 1 at 2. In support of its Injunction Order, the Chief District Judge for the Eastern District of Tennessee found that Plaintiff engaged in the following litigation misconduct:

> [he] has repeatedly filed actions in this and other courts that have been dismissed as frivolous. Mr. Clervrain is not represented by counsel and the Court and the Clerk's Office have been burdened with the filings. Although Mr. Clervrain has only filed two actions in this court, both were dismissed as frivolous, and Mr. Clervrain's extensive history of filing frivolous complaints in other courts leads the Court to conclude that nothing less than an injunction will be adequate to stop the flow of meritless papers.

*Id.* As a result of his litigation misconduct, Mr. Clervrain has been repeatedly and recently warned of, or made subject to, filing restrictions—based upon nonsensical allegations strikingly similar to those in the case at hand. *See supra*; *see also Clervrain v. United States*, 1:22-cv-00342, ECF No. 8 at 1 (D.N.M. July 14, 2022) (enjoining Mr. Clervrain from making future filings absent compliance with specific restrictions).

4

## II. LEGAL STANDARDS

### A. Rule 41(b) Dismissal

The Federal Rules of Civil Procedure expressly authorize a defendant to seek dismissal of an action "or any claim against it" when "the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them." *Ramsey v. Rubenstein*, 2:14-CV-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Id.* at *2 (S.D. W. Va. Sept. 19, 2016) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("Unless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice. Fed. R. Civ. P. 41(b). *See also Link*, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.")).

The Court must look to the following four factors when considering whether to dismiss an action for failure to prosecute under Rule 41(b):

    (1)    the plaintiff's degree of personal responsibility;
    (2)    the amount of prejudice caused the defendant;
    (3)    the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and
    (4)    the effectiveness of sanctions less drastic than dismissal.

*Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d

171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly[,]" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate dismissal decision is left to the discretion of the trial court. *See, e.g.*, *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Douglas v. Heater*, No. 2:20-CV-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam)).

### B. Vexatious Litigants

The Court has the authority to restrict vexatious litigants from repeatedly filing frivolous matters without first obtaining leave of court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). *See also Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) ("Undoubtedly, the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants like Cromer."). While "use of such measures against a *pro se* plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts," a prefiling injunction is warranted in the "exigent circumstances" where a litigant engages in "continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817-18. Such "exigent circumstances" unquestionably exist when a plaintiff files a deficient pleading with the Court within mere

6

days of another court's dismissal of a substantively-identical pleading containing the same flaws. *See Emrit v. Bd. of Immigr. Appeals*, 2:22-cv-110, 2022 WL 3594518, at *1 (S.D. W. Va. Aug. 23, 2022). Nonetheless, the prefiling injunction must be narrowly tailored to fit the specific circumstances at issue. *Cromer*, 390 F.3d at 818.

In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* [the "*Cromer*" factors].

### III. DISCUSSION

First, the undersigned further **FINDS** that the *Hillig* factors support dismissal pursuant to Rule 41(b) under the particular circumstances of this case. *Hillig*, 916 F.2d at 174. In consideration of the first factor, the delays in this case are attributable solely to the Plaintiff, as the named Defendants have not been required to make an appearance at this stage of the proceedings. Plaintiff has neither remitted any portion of the applicable fees, nor otherwise responded to the Court's Order. Accordingly, he is the sole cause of the subsequent four-month delay in this action. *See Favors v. Hickey*, 1:05-0697, 2006 WL 1644180, at *2 (S.D.W. Va. June 12, 2006). The second *Hillig* factor—the amount of prejudice caused to the defendant—is not present in this case because, as stated above, Defendants have not been required to make an appearance. Thus, this factor does not weigh in favor of dismissal. However, the third *Hillig* factor—the presence of a drawn-out history of deliberately proceeding in a dilatory fashion—does weigh in favor of dismissal. Plaintiff has neither complied with, nor responded to, the undersigned's May 6, 2022

Order directing him to "to either pay the filing fee . . . or submit to the Court a[n] . . . Application to Proceed Without Prepayment of Fees and Costs" by June 6, 2022. (ECF No. 7.) To date, Plaintiff has not requested an extension of time, has not requested relief from the Court's Order, has not contacted the Court, and indeed has not made any filing on the record. Indeed, after filing this civil action over six months ago on April 4, 2022, Plaintiff has taken *no* steps whatsoever to advance his case. The fourth and final factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal pursuant to Rule 41(b). Where, as here, Plaintiff had express notice that his "failure to either pay the fees or submit the application within the 30-day deadline set forth herein shall constitute an abandonment of his claims and result in a recommendation to the presiding District Judge that the complaint be dismissed," then dismissal is appropriate. *Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). This is particularly so when Plaintiff has not attempted to rectify this deficiency over four months after his deadline to do so.

Nor does Plaintiff's *pro se* status in this matter exempt him from his obligation to comply with the directives of the Court's May 6, 2022 Order and the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013). Not only was Plaintiff afforded express notice in the Court's Order that his failure to comply would result in the recommendation of dismissal, but the Court's operative Pro Se Handbook[2] also explains to *pro se* parties that "[y]ou must either pay the statutory filing fee in full at the time you present your

---

[2] The Handbook is available on the Court's website, at the following address: https://www.wvsd.uscourts.gov/pdfs/Pro%20Se%20Handbook.pdf.

complaint to the Court for filing, or, if you are unable to pay the statutory filing fee, you must submit an Application to Proceed Without Prepayment of Fees and Costs along with your complaint." Pro Se Handbook, at § 5.2.

The Handbook instructs parties that "[i]f you decide to proceed *pro se*, you will be responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules and procedures." *Id.* at §§ 2.3, 4. The Handbook also expressly notifies *pro se* parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Because "[t]here is nothing in the record as it currently stands which would lead the Court to conclude that [Plaintiff] is any more or less legally sophisticated than any other non-lawyer," he should be afforded "the appropriate deference by the Court, but not a free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010). Accordingly, the undersigned **RECOMMENDS** that this matter be **dismissed with prejudice**.

Further, prefiling sanctions are necessary to deter Plaintiff's bad-faith conduct and to protect the public and the Court from further waste of judicial resources. The undersigned therefore recommends that—consistent with numerous other district courts—Plaintiff be declared a "vexatious" litigant and a prefiling injunction be entered to prevent further abusive litigation conduct by the Plaintiff. As set forth above, this Court is authorized to impose such sanctions under the circumstances, because "the All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources." *Cromer*, 390 F.3d at 817.

Moreover, the undersigned **FINDS** that Plaintiff's filings in this case present

9

exigent circumstances that warrant a prefiling injunction under the four "*Cromer*" factors. Turning to the first *Cromer* factor—the party's history of litigation—Plaintiff has filed vexatious, harassing, and duplicative lawsuits that have earned him well-documented prefiling injunctions by multiple Federal District Courts across the United States. The second factor—whether he has a good-faith basis for pursuing the litigation—also weighs in favor of a prefiling injunction, as most of the scores of cases he has filed in federal court "have been dismissed as frivolous or for failure to state a claim upon which relief may be granted." *Clervrain v. Raimondo*, 20-cv-535, 2021 WL 149073, at *1 (D.R.I. Jan. 15, 2021), *report and recommendation adopted sub nom* 2021 WL 1531464 (D.R.I. Apr. 19, 2021). Plaintiff was on notice prior to the time of filing his Complaint that the allegations contained therein were required to be sufficient allow the Court "to discern what facts he seeks to allege [and] how the named Defendants are liable for any alleged violations of his constitutional rights." *Clervrain v. Lee*, 6:21-mc-108, ECF No. 22 at 5 (M.D. Fla. Jan. 19, 2022), *report and recommendation adopted*, ECF No. 28 (M.D. Fla. Mar. 29, 2022). "But again, Plaintiff nowhere identifie[d] the practices or officials who committed any such practices that would constitute any violations of law," despite the dismissal of another of Plaintiff's strikingly similar complaints by the Middle District of Florida on March 29, 2022—mere days before filing the Complaint in this case. *See id*. Plaintiff's continued conduct in direct contravention to the plan language of numerous courts demonstrates that he lacks a good-faith basis for pursuing this litigation.

The final two factors—the extent of the burden on the courts and other parties resulting from Plaintiff's filings, and the adequacy of alternative sanctions—likewise weigh in favor of a prefiling injunction. Taken together, the burden Plaintiff has imposed on the judicial system has been enormous and incessant. Indeed, just as the Eastern

District of Tennessee found, "[a]lthough Mr. Clervrain has only filed two actions in this court, both were . . . frivolous, and Mr. Clervrain's extensive history of filing frivolous complaints in other courts leads the Court to conclude that nothing less than an injunction will be adequate to stop the flow of meritless papers." *In re: Manetirony Clervrain*, 1:22-mc-018, ECF No. 1 at 2. The undersigned therefore **RECOMMENDS** that—consistent with numerous other district courts—Plaintiff be declared a "vexatious" litigant and prefiling injunction be entered by the presiding District Judge prohibiting further abusive conduct by the Plaintiff.

In order to impose this sanction, "the court must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008). In order to deter Plaintiff from filing repetitive, duplicative, and frivolous lawsuits in this Court that waste the Court's limited judicial resources and clog its docket with meritless litigation, the undersigned recommends that Plaintiff be enjoined from filing any additional complaints in this Court without contemporaneous submission of either (1) full payment of the applicable fees, or (2) a certification from an attorney in good standing that the allegations set forth in the complaint are supported by a good-faith basis in law and fact. *See Emrit v. Trump*, 1:19-CV-18, 2019 WL 140107, at *5 (Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019).

IV. **RECOMMENDATION**

Accordingly, for the reasons set forth above, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action with prejudice for failure to prosecute, declare Plaintiff to be a vexatious litigant, and enter a narrowly-tailored prefiling injunction against further abusive conduct by the Plaintiff.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record.

Enter: October 17, 2022

Dwane L. Tinsley
United States Magistrate Judge