IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MANETIRONY CLERVRAIN,

          Plaintiff,

v.                                      CIVIL ACTION NO. 2:22-cv-00163

ALYSA D. ERICH, et al.,

          Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for "total pretrial management and submission of proposed findings of fact and recommendations for disposition" pursuant to 28 U.S.C. § 636(b)(1)(B) and the Court's Standing Order (ECF No. 6). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** as frivolous Plaintiff's pending "Motion for ['*Manifest Injustice Act*'] (MIA) or ['*Electronic Filing Act*'] Opposition(s) by Secure Academic Resources Technology Act ('SARTA')" (ECF No. 2); "Motion for Extraordinary Remedy Act ('ERA') or Circumstances to Compel[] Process by the ANT(s) Reform Multiplicity Act ('TARMA')" (ECF No. 3); "Motion for *Settlement Agreement(s)* Against Secretive Criminals by In[v]oking the National Regulatory Treaties Act ('NIRTA')" (ECF No. 4); and "Motion for '*Common Sense*' or Access to the *Informative* Legal Materials or Opposition by ["*The ANT(s)*"] Library Act ('TALA') (ECF

No. 5) (collectively, Plaintiff's "pending motions").

## I.

Plaintiff Manetirony Clervrain ("Plaintiff"), who is proceeding *pro se*, initiated this civil action on April 4, 2022, with an inscrutable Complaint. (ECF No. 1.) Contemporaneously with the Complaint, Plaintiff filed his four pending motions for relief. Each of Plaintiff's pending motions are unintelligible—containing citations to statutes that do not exist, and pieces of phrases that, combined, as the United States District Court for the District of California described, "they are all essentially 'jabberwocky,'" a term for invented, nonsense, or meaningless language. *Clervrain v. Marin*, 20-CV-925, 2020 WL 5408581, at *2 (S.D. Cal. Sept. 9, 2020). Mr. Clervrain's motions further lack any factual or legal basis, and make absolutely no ascertainable request for relief.

As such, the three motions are frivolous, and the undersigned **RECOMMENDS** that Plaintiff's four pending motions be **dismissed with prejudice**. *See Hillberry v. Elder*, 5:13-cv-113, 2015 WL 410578, at *9 (N.D.W. Va. Jan. 29, 2015) (denying a motion on finding it to be "frivolous and without merit"); *Curry v. Weiford*, 2:03-cv-115, 2005 WL 8162286, at *2 (N.D.W. Va. Apr. 1, 2005) (denying a plaintiff's motion on finding it to be "frivolous"); *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Robinson*, 1999-cv-148, 2000 WL 33422739, at *1 (W.D.N.C. July 21, 2000) (denying a motion as frivolous and noting the federal courts' "power and obligation to protect themselves from abusive filing of frivolous and repetitive claims").

## II.

Accordingly, for the reasons set forth above, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** as frivolous Plaintiff's "Motion for ['*Manifest Injustice Act*'] (MIA) or ['*Electronic Filing Act*'] Opposition(s) by Secure Academic

Resources Technology Act ('SARTA')" (ECF No. 2); "Motion for Extraordinary Remedy Act ('ERA') or Circumstances to Compel[] Process by the ANT(s) Reform Multiplicity Act ('TARMA')" (ECF No. 3); "Motion for *Settlement Agreement(s)* Against Secretive Criminals by In[v]oking the National Regulatory Treaties Act ('NIRTA')" (ECF No. 4); and "Motion for '*Common Sense*' or Access to the *Informative* Legal Materials or Opposition by ["*The ANT(s)*"] Library Act ('TALA') (ECF No. 5).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record.

Enter: October 31, 2022

Dwane L. Tinsley
United States Magistrate Judge