```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MANETIRONY CLERVRAIN,**

       Plaintiff,

v.                                        Civil Action No. 2:22-cv-00163

**ALYSSA D. ERICH;**
**FEDERAL BUREAU OF PRISONS;**
**REPUBLIC OF HAITI;**
**COMMONWEALTH OF BAHAMAS; and**
**REPUBLIC OF GHANA,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's complaint (ECF 1), filed April 4, 2022. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). The magistrate judge filed his PF&R on October 17, 2022 (ECF 8), recommending that the court dismiss the plaintiff's complaint and this civil action on account of plaintiff's failure to prosecute, as well as recommending the court declare the plaintiff to be a vexatious litigant and sanction his conduct with a pre-filing injunction on the commencement of future civil actions in this district.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been addressed. See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added). Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court. See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989). Objections in this case having been due on November 3, 2022, and none having been filed, this matter may be duly adjudicated.

In his PF&R, the magistrate judge recommended that this court enjoin the plaintiff from filing additional complaints in the Southern District of West Virginia without contemporaneous submission of either (1) full payment of applicable fees, or (2) certification from an attorney in good standing that the allegations set forth in the complaint are

2

supported by a good-faith basis in law and fact. The magistrate judge made this recommendation upon a weighing of the factors set out by the Fourth Circuit in <u>Cromer v. Kraft Foods North America, Inc.</u>, 390 F.3d 812, 818 (4th Cir. 2004), to determine that a pre-filing injunction was substantively warranted by Mr. Clervrain's litigation conduct.

<u>Cromer</u> further requires that "before a judge issues a prefiling injunction . . . he must afford a litigant notice and an opportunity to be heard" so as to comply with the requirements of due process. <u>Id.</u> at 819. This requires that a judge provide the litigant with "notice of a prefiling injunction sufficient to ensure that [the litigant] had the opportunity to oppose the court's order before it was instituted." <u>Id.</u> (citing <u>Brow v. Farrelly</u>, 994 F.2d 1027, 1038 (3d Cir. 1993)) (internal marks omitted). Thus, this court may only impose a pre-filing injunction if it determines that (1) the plaintiff has received adequate notice of the possibility of the pre-filing injunction, and (2) the plaintiff has had an opportunity to oppose the injunction prior to its entry.

The court notes that the plaintiff was not ordered to show cause prior to the magistrate judge's recommendation that a pre-filing injunction be imposed upon him. Nevertheless, the plaintiff received notice of the proposed sanction by virtue of

the PF&R itself, as well as an opportunity to object thereto by virtue of 28 U.S.C. § 636(b)(1).  The court must then consider whether such notice and opportunity to oppose the pre-filing injunction were sufficient to satisfy the due process requirement articulated by the Fourth Circuit in Cromer.

While Mr. Clervrain did not make timely objections to the magistrate judge's PF&R, he did subsequently submit another 200 pages of largely unintelligible filings.  See ECF Nos. 10 through 12.  In a generous construction of one of these filings, Clervrain can be understood to be voicing opposition to the magistrate judge's recommendation that a pre-filing injunction be imposed upon him.  See ECF No. 10 at 12-14 (referencing "this court from the Southern District of West-Virginia," "Vexatious Litigant," and "Prelifiting Injunctive [sic, pre-filing injunction] in its decision").  These clear references to the content of the PF&R are interspersed with inexplicable references to, inter alia, case law governing the appointment of a receiver in the state of Nevada, Federal Rule of Civil Procedure 66, civil contempt proceedings, and permanent injunctive relief under the Patent Act.  Id.  Additionally, this passage – exemplary of many of Clervrain's filings – repeatedly references TrueFiling, a multi-jurisdictional e-filing software,[1]

---

[1] TrueFiling is used in the state appellate courts of California, Michigan, and Tennessee, as well as state trial courts in Alaska

as well as text apparently drawn from the company's website. **Id.**

Apparent from Clervrain's filing in ECF No. 10 is that he both received actual notice of the terms of the proposed pre-filing injunction and that he took an opportunity to object to it. Thus, so long as the terms of a pre-filing injunction do not deviate from those proposed by the magistrate judge, the court concludes that the plaintiff has received notice and opportunity to oppose the sanction sufficient to comport with the requirements of due process.

Lastly, the court briefly addresses whether Mr. Clervrain's objections to the pre-filing injunction raise meritorious reasons why this court should refrain from imposing a narrowly tailored pre-filing injunction. Far from dispelling the reasons of the magistrate judge, Clervrain's filing illustrates precisely why such a sanction is warranted. It appears from this document, as with the plaintiff's other filings in this court and others across the country, see Clervrain v. Biden, 2022 WL 4134722 at *2 n.14, 15 (D. Kan. June 24, 2022) (collecting nonsensical cases filed by plaintiff), that plaintiff is making abusive use of electronic filing tools

---

and a handful of other jurisdictions around the country. See TrueFiling Homepage, https://truefiling.com (last visited December 21, 2022).

to file voluminous and nonsensical papers upon the court that lack both a grounding in legal authority and any discernible prayer upon which this court may grant relief. Accordingly, the plaintiff's objections are unpersuasive and a narrowly tailored pre-filing injunction is appropriate.

For the reasons set forth in the foregoing opinion, it is ORDERED that:

1. The findings made in the Proposed Findings and Recommendation of the magistrate judge be, and they hereby are, adopted by the court and incorporated herein;

2. The plaintiff be, and hereby is, enjoined from filing any additional complaints in this court without contemporaneous submission of either:

    a. Full payment of the applicable fees, or

    b. A certification from an attorney in good standing that the allegations set forth in the complaint are supported by a good-faith basis in law and fact; and

3. This civil action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the plaintiff, all counsel of record, and the United States Magistrate Judge.

Enter: December 22, 2022

John T. Copenhaver, Jr.
Senior United States District Judge